IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Hernardo Medina-Villegas,**

    Petitioner

          V.

**United States of America,**

    Respondent.

CIVIL NO. 14-1113 (PG)
Related CRIM. NO. 02-117(PG)

## OPINION AND ORDER

Before the court are Hernardo Medina-Villegas' (hereinafter, "petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and the Government's opposition thereto. See Civ. No. 14-1113, D.E. 1 and D.E. 7.[1] After reviewing petitioner's claims, the court hereby **DENIES** the motion to vacate as to counts two, four, six and eight of the indictment against petitioner for the reasons explained below. The court nonetheless **GRANTS** petitioner's motion as to count nine.

### I. BACKGROUND

On March 22, 2005 a jury convicted petitioner on nine counts stemming from conspiracy to commit robbery and the murder of a guard in the course of a robbery. Specifically, petitioner was convicted of the following charges:

**Count 1.** Conspiracy to commit robbery of an armored vehicle, in violation of 18 U.S.C. § 1951(a).
**Count 2.** Aiding and abetting the use of a firearm in relation to count one, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii).
**Count 3.** Aiding and abetting the robbery of an armored vehicle, in violation of 18 U.S.C. §§ 2, 1951(a).
**Count 4.** Aiding and abetting the use of a firearm in relation to count three, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).
**Count 5.** Aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2, 2119(1).
**Count 6.** Aiding and abetting the use of a firearm in relation to count five, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).
**Count 7.** Aiding and abetting the robbery of an armored vehicle, in violation of 18 U.S.C. §§ 2, 1951(a). (referring to a different robbery than that in count three)

---

[1] D.E. is an abbreviation of docket entry number.

Civil No. 14-1113 (PG)                                          Page 2

**Count 8.** Aiding and abetting the use of a firearm in relation to count seven, resulting in the murder of a guard in the course of a robbery, in violation of 18 U.S.C. §§ 2, 924(j).[2]
**Count 9.** Aiding and abetting the use of a firearm in relation to count seven, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).

<u>See</u> Crim. No. 02-117, D.E. 85, D.E. 390, and D.E. 498.

Petitioner was sentenced as follows:

1. As to counts one, three and seven, petitioner was sentenced to imprisonment for a term of twenty (20) years, to be served concurrently with each other.

2. As to count two, petitioner was sentenced to imprisonment for a term of fifteen (15) years to be served consecutively to counts one, three and seven.

3. As to counts four and six, petitioner was sentenced to imprisonment for a term of twenty-one (21) years to be served concurrently with each other and with count two, but consecutively to counts one, three and seven.

4. As to count five, petitioner was sentenced to a term of imprisonment for a term of fifteen (15) years to be served concurrently with counts one, three and seven.

5. As to count eight, petitioner was sentenced to life in prison without the possibility of parole ("LWOP").

6. As to count nine, petitioner was sentenced to imprisonment for a term of thirty (30) years to be served concurrently with counts two, four and six, but consecutively to counts one, three and seven.

<u>See</u> Crim. No. 02-117, D.E. 519, and D.E. 594. Additionally, petitioner was fined a special assessment of $100 per each count, except count eight.

During the count eight penalty phase of petitioner's trial, this court instructed the jury to recommend either the death penalty or LWOP, and informed the jury that if they failed to reach unanimity on either, the court would sentence petitioner to LWOP. <u>See</u> Crim. No. 02-117, D.E. 513. Petitioner did not object to the sentencing instructions. The jury

---

[2] This count was certified for the death penalty.

did not reach unanimity and, therefore, petitioner was sentenced to LWOP. See Crim. No. 02-117, D.E. 498 and D.E. 519.

Petitioner appealed, challenging "1) the sufficiency of the evidence supporting the conviction of count eight (the murder count), 2) the sufficiency of the evidence supporting counts five and six (the carjacking counts), 3) the district court's failure to allow him the opportunity for allocution before being sentenced to life imprisonment on count eight, and 4) the district court's calculation of the guideline sentencing range on count eight."[3] United States v. Catalan-Roman, 585 F.3d 453, 472 (1st Cir.2009). The First Circuit Court of Appeals agreed with petitioner's third argument and vacated his sentence on count eight and remanded for resentencing. However the First Circuit affirmed all other convictions and sentences. See Catalan-Roman, 585 F.3d at 475.

In accordance, with the First Circuit's instructions, this court resentenced petitioner on August 18, 2011. See Crim. No. 02-117 D.E. 750. At the hearing, petitioner argued that his conviction on count nine violated the Double Jeopardy Clause. However, this court considered that argument to fall outside the scope of the remand and dismissed it. This court again imposed LWOP after allowing petitioner to present his allocution.

Petitioner again appealed. This time petitioner challenged the procedural and substantive reasonableness of this court's LWOP sentence, and in addition raised the Double Jeopardy claim he unsuccessfully tried to argue at the resentencing hearing. The First Circuit rejected petitioner's arguments and affirmed this court's decision.[4] See United States v. Medina-Villegas, 700 F.3d 580, 585 (1st Cir.2012).

Pending now before this court are petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and respondent's timely opposition thereto. See Civ. No. 14-1113, D.E. 1 and D.E. 7. Petitioner submitted a memorandum of law in support of his motion and a

---

[3] The First Circuit Court of Appeals did not consider petitioner's pro se claims as to the sufficiency of supporting evidence for counts one through four and seven because petitioner's argumentation was insufficient.

[4] The double jeopardy claim was dismissed without prejudice pursuant to the law of the case doctrine.

reply to respondent's opposition, as well as a supplement with additional pleadings. <u>See</u> Civ. No. 14-1113, D.E. 1; D.E. 8; and D.E. 10.

In his § 2255 petition, petitioner set forth the following arguments:

1. That both trial and appellate counsel were ineffective for failing to raise claims against an alleged error in the jury instructions provided by this court as to petitioner's sentencing on count eight, which was certified for the death penalty. <u>See</u> Civ. No. 14-1113, D.E. 1.

2. That petitioner's conviction as to count nine violates the Double Jeopardy Clause, and that both trial and appellate counsel were ineffective for failing to raise that claim. <u>See</u> Civ. No. 14-1113, D.E. 1.

3. That 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, thus warranting the vacation of petitioner's convictions as to counts two, four, six and nine. <u>See</u> Civ. No. 14-1113, D.E. 10.

4. That count one, a conspiracy charge, cannot be categorized as a violent crime for the purposes of petitioner's conviction as to count two under 18 U.S.C. § 924(c)(3). <u>See</u> Civ. No. 14-1113, D.E. 10.

## II. DISCUSSION

### A. Count Eight

Petitioner argues that the court committed an error during the penalty phase of his trial, by instructing the jury to sentence him to either the death penalty or to LWOP, and omitting the alternative of a lesser sentence. Petitioner claims trial counsel was ineffective for failing to object to said instruction. Petitioner further claims that appellate counsel was ineffective for failing to raise the issue on direct appeal.

### i. Ineffective Assistance of Trial Counsel

To review a claim of ineffective assistance of counsel, a court must assess whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. <u>See</u> <u>Strickland v. Washington</u>, 105 S.Ct. 2052, 2064 (1984). To succeed in a claim of ineffective assistance of counsel,

petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to petitioner. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir.2013). That is to say, petitioner must demonstrate both incompetence and prejudice. Furthermore, the Strickland test is bifurcated. See Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir.2010). Failure to prove either prong proves fatal for the other. See United States v. Caparotta, 676 F.3d 213, 219 (1st Cir.2012).

The court will assume, arguendo, that the alleged error was committed in order to determine if it would have led to the prejudice necessitated by Strickland.

Petitioner argues that he suffered prejudice because, had trial counsel objected to the jury instructions, and had the jury been offered the alternative of a lesser sentence, there was a reasonable probability that the jury would have opted for a lesser sentence. Petitioner cites the jury's failure to reach unanimity as support for this contention. However, a jury split between the death penalty and LWOP does not imply that the option of a lesser sentence would have resulted in unanimity for that alternative.

It is highly improbable that jurors who voted to sentence petitioner to the highest penalty would have sprung for the most lenient sentencing option. That some jurors held out against imposing the death sentence does not create a reasonable probability that the jury would choose a lesser sentence unanimously.

In Jones, for example, the Supreme Court observed that even in light of an alleged error in jury instructions "it is just as likely that the jurors, loath to recommend a lesser sentence, would have compromised on a sentence of life imprisonment as on a death sentence." See Jones v. United States, 119 S.Ct. 2090, 2105 (1999). The circumstances of Jones and the issue before us are different, but the Supreme Court's reasoning is equally applicable. If this court were to accept petitioner's flawed claims of prejudice, it would engage in speculation and forego reasoned judgment. See Romano v. Oklahoma, 114 S.Ct. 2004, 2013 (1994)(holding that

inadmissible evidence would have had little, if any, effect on the jury, and to decide otherwise would merely be a speculative exercise).

In light of the foregoing, the court concludes that petitioner fails to show a reasonable probability that the outcome of the proceeding would have been different in the absence of the alleged error, and thus his claim of ineffective assistance of trial counsel fails.

**ii. Ineffective Assistance of Appellate Counsel**

A claim of ineffective assistance of appellate counsel must also meet the standards of the Strickland test. See Colon-Diaz v. United States, 899 F.Supp.2d 119, 134 (D.P.R.2012).[5] However, in claims involving appellate counsel, the relevant test is not whether petitioner would likely prevail upon remand, but rather, whether the appellate court would have, in fact, reversed and remanded on a given argument. See United States v. Mannino, 212 F.3d 835, 844 (3rd Cir.2000).

Petitioner did not object to the allegedly erroneous jury instructions at trial. Accordingly, an appellate court would have reviewed an appeal on those grounds for plain error. See Jones, 119 S.Ct. at 2102 (noting also that, in claims of error in jury instructions, plain error review is particularly "limited"). Similar to the prejudice prong of the Strickland test, plain error review requires the court to determine if the alleged error "affected the defendant's substantial rights."[6] United States v. Bermudez-Melendez, -- F.3d --, 2016 WL 3525423, at *2 (1st Cir. June 28, 2016). Furthermore, "a reversal under plain error review requires a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." United States v. Mangual-Garcia, 505 F.3d 1, 15 (1st Cir.2007)(citations omitted).

In the instant case, it is highly unlikely that an appellate court would have found that the alleged error constituted plain error. The

---

[5] Although ineffective assistance of appellate counsel would occur in the competence of an appellate court, district courts have often reviewed such claims when set forth in a motion for habeas relief. See Jones v. Barnes, 103 S.Ct. 3308, 3311 (1983). See also Colon-Diaz, 899 F.Supp.2d at 134. This court is aptly situated to review this claim, seeing as petitioner's claim of ineffective assistance of appellate counsel is derivative of facts occurring at the district court's level.

[6] "Plain error review entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Bermudez-Melendez, 2016 WL 3525423, at *2.

alleged error would not have affected the outcome of the trial. There is no reasonable probability that, absent the alleged error, petitioner would have received a more favorable sentence.[7] The court of appeals would have been far more likely to deem the alleged error to be harmless, rather than reversible.

The court will assume, arguendo, that the error alleged by petitioner – ineffective assistance of counsel for failure to raise error in the jury instructions provided as to count eight – was indeed committed. In such a case, the appellate court's review is for plain error. Yet, for the reasons outlined above, there is no reasonable probability that, absent the alleged error, the petitioner would have received a more favorable sentence. Again, that at least one juror voted against the death penalty on count eight does not automatically lead to the conclusion that one or more members of the jury were inclined to impose a lesser sentence than LWOP. Petitioner is effectively asking the court to accept, a priori, that the error affected the outcome of his sentence. However, even then, under plain error review, the appellate court would deem the trial court's error a harmless one at best.

Moreover, the court finds that petitioner failed to show a reasonable probability that the outcome of the proceeding on appeal would have been different had the alleged error been raised, and thus his claim of ineffective assistance of appellate counsel necessarily fails.

### iii. Trial and Appellate Counsel's Performance

Even if petitioner had demonstrated prejudice, he nonetheless failed to show that counsel's performance fell below an objective standard of reasonableness. Petitioner's argument to that effect is based on case law from the Sixth Circuit that is not binding to this court. See Sanchez v. United States, 740 F.3d 47, 56 (1st Cir.2014), cert. denied, 135 S.Ct. 54, 190 L.Ed.2d 30 (2014)(explaining that departing from circuit precedent is justified only by "'supervening authority' (such as a ruling of the Supreme Court or this Court en banc), Muskat v. United States, 554 F.3d 183, 189 (1st Cir.2009), or 'in those relatively rare instances in which the authority that postdates the original decision, although not directly

---

[7] To arrive at this conclusion, the court employed the same reasoning the court used to consider petitioner's claim of ineffective assistance of trial counsel.

controlling, nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind.'"). Furthermore, the cases that petitioner cites postdate his trial. The court is required "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." <u>Strickland</u>, 105 S.Ct. at 2065.   Thus, trial counsel's failure to raise an argument that was unavailable and not based on First Circuit precedent would not render the assistance ineffective. Trial counsel was, as a matter of fact, under no obligation to raise such an argument.

Appellate counsel is not ineffective for merely failing to raise an issue on appeal. See <u>Smith v. Murray</u>, 106 S.Ct. 2661, 2667-2668 (1986). Counsel need not raise every possible argument, but is instead expected to choose, amongst all possible arguments, those with the highest potential for success. <u>See</u> <u>Evitts v. Lucey</u>, 105 S.Ct. 830, 834 (1985). <u>See also</u> <u>Alicea-Torres v. United States</u>, 455 F.Supp.2d 32, 57 (D.P.R.2006). Courts regard appellate counsel's discretion in selecting what issues to bring upon appeal with a strong presumption of competence. <u>See</u> <u>Strickland</u>, 105 S.Ct. at 2065. Here, petitioner has failed to show that appellate counsel's choices do not hold up to these standards. It is worth noting that petitioner's counsel on appeal successfully represented his client given that the First Circuit Court of Appeals vacated petitioner's sentence as to count eight and remanded for resentencing. <u>See</u> <u>Catalan-Roman</u> 585 F.3d at 475.

In light of the foregoing, this court finds that petitioner did not demonstrate that either trial or appellate counsel's performance fell below an objective standard of reasonableness. As such, his claims of ineffective assistance of counsel fail.

Accordingly, habeas corpus relief as to count eight is on these grounds **DENIED**.[8]

**B. Count Nine**

---

[8] Furthermore, because petitioner raised the alleged error neither at trial nor on direct appeal, he is barred from raising the issue on collateral review pursuant to 28 U.S.C. § 2255 without first showing both "cause and prejudice." <u>See</u> <u>United States v. Frady</u>, 102 S. Ct. 1584, 1593-1594 (1982). Petitioner evidently failed to do so.

Next, petitioner argues that count nine is a lesser included offense of count eight, and, as such, the count nine conviction violates the Double Jeopardy Clause.[9] Double Jeopardy "forbids successive prosecution and cumulative punishment for a greater and lesser included offense. Consequently, courts may not impose multiple punishments for what is essentially the same offense." Medina-Villegas, 700 F.3d at 585.

This court now considers the exact same controversy reviewed in Catalan-Roman.[10] See Catalan-Roman 585 F.3d at 472. In that case, the First Circuit concluded that "count nine was a lesser included offense of count eight, as it did not require proof of any fact not required for conviction on count eight." Catalan-Roman 585 F.3d at 472.

In its opposition to petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, the government concedes that count nine is in violation of the Double Jeopardy Clause. See Civ. No. 14-1113 D.E. 7. The court agrees. Accordingly, habeas corpus relief as to count nine is **GRANTED**.

**C. Counts Two, Four and Six [11]**

On September 26, 2015 the Supreme Court of the United States held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. See Johnson v. United States, 135 S.Ct. 2551, 2557 (2015). Petitioner claims that 18 U.S.C. 924 (c) is plagued by an analogous provision, and "as such, any implications governed by the Supreme Court's Jhonson's [sic] ruling equally applies to both residual clauses in 924(c) and 924(e)." Civ. No. 14-1113, D.E. 11, at p. 2.

In Johnson, the Supreme Court explicitly stated that it was only declaring the residual clause of § 924(e) unconstitutionally vague, while leaving the rest of the statute intact, and significantly limiting the ruling's encroachment on seemingly similar statutes. See Johnson, 135

---

[9] This claim is not procedurally barred from being raised on collateral review. Although petitioner raises this claim underneath the umbrella of ineffective assistance of counsel, it is not necessary for him to do so. Petitioner raised this issue on direct appeal, where it was dismissed without prejudice on procedural grounds. See Medina-Villegas, 700 F.3d at 585. Thus, petitioner need demonstrate neither cause nor prejudice for this court to consider the merits of this claim.

[10] Catalan-Roman was one of petitioner's co-defendants.

[11] Petitioner includes count nine in his discussion of this issue. However, count nine has already been resolved on double jeopardy grounds.

S.Ct. at 2561. The controversy at hand refers to § 924(c)(3), which reads as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is often called the "force clause," while subsection (B) is commonly referred to as the "residual clause."

After careful review of petitioner's arguments, the court finds that petitioner is seeking a new constitutional rule declaring §924(c)(3)(B) unconstitutional. A court can only declare a new constitutional rule on habeas corpus collateral review if that rule is retroactive. See Teague v. Lane, 109 S.Ct. 1060, 1078 (1989). The new constitutional rule set forth in Johnson is substantive, and thus, retroactive. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). It would follow that the new rule petitioner seeks is substantive and retroactive. Petitioner successfully passes the test set forth in Teague, and this court may therefore entertain his claim.

The First Circuit Court of Appeals has yet to consider this issue. Other Circuit Courts of Appeal have, but are split on the matter. See United States v. Taylor, 814 F.3d 340, 375-379 (6th Cir.2016)(outlining the multiple differences between § 924(c)(3)(B) and § 924(e)(2)(B)(ii), and determining that § 924(c)(3)(B) is not unconstitutionally vague); United States v. Vivas-Ceja, 808 F.3d 719, 721-723 (7th Cir.2015) (declaring 18 U.S.C. § 16(b), which appears identical to § 924(c)(3)(b), unconstitutionally vague under Johnson's reasoning); Dimaya v. Lynch, 803 F.3d 1110, 1119-1120 (9th Cir.2015)(invalidating 18 U.S.C. § 16(b) as well). District courts in the Seventh and Ninth Circuits have extended their appellate courts' interpretation of 18 U.S.C. § 16(b) to § 924(c)(3)(B). See United States v. Thongsouk Theng Lattanaphom, -- F. Supp. --, 2016 WL 393545 (E.D.Cal. Feb. 2, 2016). See also Richard Lee Eldridge v. United States, -- F. Supp. --, 2016 WL 3556997 (C.D.Ill. June 24, 2016).

Our sister district courts from the First Circuit, not bound by those precedents, have refused to invalidate § 924 (c)(3)(B) in light of Johnson. See United States v. Tsarnaev, -- F. Supp. --, 2016 WL 184389, at *12 (D.Mass. Jan. 15, 2016)(applying Johnson's reasoning to § 924 (c) would entail an unduly expansive reading of that ruling). This court is inclined to agree, seeing as § 924 (c)(3)(B) is distinctively narrower than § 924 (e)(2)(B)(ii). On the other hand, this court need not consider the constitutionality of § 924 (c)(3)(B). It is well settled that judicial review should refrain from declaring laws unconstitutional when it can be avoided. See Regan v. Time, Inc., 104 S.Ct. 3262, 3269 (1984).

Petitioner does not call into question the constitutionality of § 924 (c)(3)(A), and that clause is clearly unaffected by Johnson. See Johnson, 135 S.Ct. at 2561. However, counts two, four, and six can all be categorized as violent crimes under this "force clause." That is to say, even if § 924 (c)(3)(B) was held invalid due to unconstitutional vagueness, petitioner's conviction of violent crimes under § 924 (c)(3)(A) would still stand.

Counts two and four refer to Hobbs Act violations under 18 U.S.C. § 1951(a), which the First Circuit has explicitly categorized as violent crimes under § 924 (c)(3)(A). See United States v. Morales-Machuca, 546 F.3d 13, 21 (1st Cir.2008). Count six refers to a carjacking under 18 U.S.C. § 2119. While the First Circuit has not explicitly categorized carjacking as a violent crime under § 924 (c)(3)(A), other circuits have done so. See Tsarnaev, 2016 WL 184389 at *16. More importantly, a reading of § 2119 strongly suggests that carjacking requires, at least, the threat of the use of physical force, and would thus be a violent crime under § 924 (c)(3)(A). See id.

This court thus concludes that petitioner's convictions as to count two, four and six are unaffected by the Supreme Court's ruling in Johnson. See Johnson, 135 S.Ct. at 2561. Even if § 924 (c)(3)(B) were unconstitutional, petitioner's argument would be moot.[12] Petitioner is misguided in believing his convictions rely on § 924 (c)(3)(B), when his

---

[12] At any rate, petitioner lacks standing to challenge the constitutionality of any statute except those pursuant to which he was convicted.

violations could more readily be categorized as violent crimes under § 924 (c)(3)(A).

Accordingly, habeas corpus relief as to counts two, four and six is **DENIED**.

### D. Count Two[13] (second claim regarding count two)

Petitioner argues that the court erred in categorizing count one, a conspiracy charge, as a "violent crime" for the purposes of count two. While petitioner supports his argument with relevant case law,[14] this court will not reach the merits of his argument, nor decide whether a conspiracy crime can be deemed a violent crime, because petitioner is procedurally barred from bringing this claim in a motion pursuant to 28 U.S.C. § 2255.

The matter petitioner now raises could have been argued at trial or on direct appeal. Petitioner's argument does not rely on a new retroactive rule. Yet, petitioner did not raise the issue until now.

In order for a court to consider an issue not raised in trial or on direct appeal, and raised for the first time on habeas corpus collateral review, petitioner must demonstrate both "cause and prejudice." See Wainwright v. Sykes, 97 S.Ct. 2497, 2506-2507 (1977). See also Frady, 102 S.Ct. at 1593-1594 (1982)(making Wainwright applicable to habeas corpus relief for federal prisoners as well as for state prisoners). See also Bucci v. United States, 662 F.3d 18, 29 (1st Cir.2011). Petitioner does not even attempt to do so, thus failing to surmount the Wainwright test.[15] See Vega-Colon v. United States, 463 F.Supp.2d 146, 155 (D.P.R.2006).

Petitioner did not demonstrate cause nor prejudice to excuse his failure to raise this claim at trial or on direct appeal.[16] Accordingly, habeas corpus relief as to count two is again **DENIED**.

---

[13] This is the second argument regarding count two.

[14] However, petitioner cites case law from other circuits that is merely persuasive and is contrary to First Circuit precedent. See Footnote 16.

[15] Petitioner shoulders the burden of proving cause and prejudice.

[16] Even if he had, the petition would still be denied because the First Circuit considers that conspiracy to commit a crime of violence is also a crime of violence in terms of § 924(c). See United States v. Turner, 501 F.3d 59, 67 (1st Cir.2007).

### III. CONCLUSION

For the foregoing reasons, this court finds that petitioner **HERNARDO MEDINA-VILLEGAS** is only entitled to federal habeas relief on his claim that his conviction on count nine violates the Double Jeopardy Clause. Petitioner is not entitled to federal habeas relief on any of his other claims. Accordingly, the court hereby orders that petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2255 be **GRANTED IN PART**, his conviction and sentence as to count nine be vacated, and the $100 special assessment fine returned to him. All other claims in petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are hereby **DENIED AND DISMISSED WITH PREJUDICE.**

### CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 29, 2016.


                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**